UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. CR-09-0063-01 |
| VERSUS | JUDGE JAMES |
| DAREN CLARK | MAGISTRATE JUDGE HAYES |

**O R D E R**

Pending before the Court is a motion for reconsideration [Doc. No. 80] filed by Defendant Daren Clark ("Clark"). On October 1, 2015, the Court denied Clark a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(2). Clark did not appeal that order.

Clark recently learned of a defendant in a similar case who received a reduction under § 3582(c)(2). Based on this information, Clark moves the Court to review his case again.

The Court has reviewed the case to which Clark refers, *United States v. Minor*, Criminal Action No. 10-228-01. However, the *Minor* case is distinguishable from Clark. In *Minor*, the Court found that the Supreme Court's decision in *Dorsey v. United States,* 132 S.Ct. 2321 (2012), applied. The *Dorsey* Court held that "Congress intended the Fair Sentencing Act's [FSA] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S.Ct. at 2335. Therefore, defendants sentenced on or after August 3, 2010, the effective date of the FSA, are entitled to application of the lower mandatory minimums, even if their offense conduct took place prior to that time. *Id.* at 2336. Minor's offense conduct took place between August 2009 and August 2, 2010, but he was sentenced on February 28, 2012, well after the effective date of the FSA. In

contrast, both Clark's actions and sentencing took place before the effective date of the FSA. Therefore, even if the two cases were otherwise similar, Clark is not entitled to a reduction based on the Court's decision in *Minor*. Accordingly,

    IT IS ORDERED that Clark's motion for reconsideration is DENIED.

    **MONROE, LOUISIANA,** this 25th day of October, 2016.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE